United States District Court
Eastern District of Michigan

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1    ELIZABETH PROPHITT, CRNA

    Defendant.

                                               /

Criminal No. 19-cr-20833

Honorable Robert H. Cleland

**JOINT STATUS REPORT**

In its August 5, 2020 Order indefinitely continuing the trial date and plea cut-off date, and making a finding of excludable delay under the Speedy Trial Act, the Court ordered the parties to file joint periodic reports outlining the status of the case and any changes in the circumstances that justified this continuance. (ECF 22).

As of the date of this report, these circumstances remain largely unchanged. Specifically:

1.    The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan.

COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

2. On March 23, 2020, Governor Whitmer announced a "Stay Home, Stay Safe," requiring people to shelter in place, effective at midnight for the next three weeks, after 1,232 confirmed cases of COVID-19 in Michigan. *See* www.michigan.gov/coronavirus; Executive Order 2020-21. That order was later extended several times (with some modifications as to scope), and Governor Whitmer later issued an Order stating that residents were no longer required to remain in their homes, but continuing to restrict certain businesses and activities.. *See id.*; Executive Orders 2020-42, -59, -70, -77, -92, -96, -100, -110, and -115. Most recently, Governor Whitmer issued an Order stating that most residents were required to wear a face covering over their nose and mouth in most public spaces to slow the spread of the virus. Executive Order 2020-147.

3. Furthermore, as part of these efforts to slow the spread of the virus, on March 13, 2020, this Court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters. *See* Administrative Order 20-AO-021. This Order reflected the fact that the Court could not properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and

safety of court personnel. It further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

4. On July 2, 2020, the Court issued Administrative Order 20-AO-038[1], which superseded Administrative Order 20-AO-021 and set forth the Court's phased-in recovery plan and extended application of the CARES Act. Under the Order, courthouses remain closed with some limited exceptions, criminal proceeding by VTC can continue through September 29, 2020, and criminal trials will resume, but only for "critical criminal trials" subject to a 17-part balancing test.

5. Administrative Order 20-AO-38 also recognizes that "[c]onventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to reduce the possibility of exposure to the disease." Likewise, social distancing and the wearing of facemasks impose significant barriers to effective communication both before and during trials between defendants and defense counsel, among members of the prosecution team, and between attorneys and witnesses. Administrative Order 20-AO-38 also states:

> Jury trials will not resume until the following can be accomplished:

---

[1] On September 8, 2020, the Court entered a Revised Administrative Order 20-AO-38 that revised the previous order only to state that criminal trials would resume "on a date yet to be determined". All other material provisions of Administrative Order 20-AO-38 remained the same.

- screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;

- courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]

- prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

6. To date, these conditions have not been achieved, and it is unclear at this time when they will be. Thus, as of now, no criminal trials are scheduled to take place in the Eastern District of Michigan. Also, under the Court's test, the parties do not believe that this case qualifies as a "critical criminal trial."

7. On July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.

8. In addition to the above, the case specific reasons in this case for this continuance remain largely unchanged. Due to the continued restrictions imposed on movement, meetings, and travel recommended by public health officials and

4

required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. Counsel also have limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

The parties are available to engage in a telephonic status conference regarding this case. The parties will inform the Court when and if the circumstances justifying the continuance no longer exist and will file another joint status report as appropriate.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

| s/Brandy R. McMillion | s/Ronald W. Chapman (w/permission) |
|---|---|
| **Brandy R. McMillion** | **Ronald W. Chapman II** |
| United States Attorney's Office | Chapman Law Group |
| 211 W. Fort Street, Suite 2001 | 1441 West Long Lake Rd., Ste. 310 |
| Detroit, MI 48226 | Troy, MI 48098 |
| 313-226-9622 | 248-644-6326 |
| brandy.mcmillion@usdoj.gov | rwchapman@chapmanlawgroup.com |
| *Counsel for the United States* | *Counsel for the Defendant* |

Dated: September 17, 2020